UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-60024-CIV-SEITZ/O'SULLIVAN

CHERYL WELLS and JOHN SIM,
    Plaintiffs,

v.

WILLOW LAKE ESTATES, INC. et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendant's Motion for Award of Attorney's Fees (DE # 36, 7/23/09). This motion was referred to the undersigned by the Honorable Patricia A. Seitz. Having carefully considered the motion, the response, the reply, the court file and the applicable law, the undersigned recommends that the Defendant's Motion for Award of Attorney's Fees (DE # 36, 7/23/09) be DENIED as more fully described below.

## BACKGROUND

The plaintiffs, CHERYL WELLS and JOHN SIM, filed the initial complaint in this matter on January 6, 2009 (DE# 1, 1/6/09). The initial complaint alleged : 1) national origin and disability discrimination, in violation of the Fair Housing Act, codified at 42 U.S.C. § 3601, *et seq.*; 2) "arbitrary and selective" eviction, in violation of Fla. Stat. § 723.061; and 3) common law duress. On January 28, 2009, the defendants filed a Motion to Dismiss (DE # 3, 1/28/09). On April 16, 2009, the District Court heard argument on the Motion to Dismiss and granted the Motion to Dismiss without prejudice on the same date (DE # 20, 4/16/09). The Order granting the Motion to Dismiss gave the plaintiffs leave to file an Amended Complaint, once they conferred with counsel, to allege additional factual

allegations in support of the statutory and common law claims made by the plaintiffs. The Amended Complaint was due on May 1, 2009. On May 4, 2009, the plaintiffs filed an Amended Complaint (DE # 25, 5/4/09) which contained only small additions to the factual allegations made in the initial complaint. On May 29, 2009, the defendants filed a Motion to Dismiss (DE # 32, 5/29/09). On July 13, 2009, an Order was docketed granting the Motion to Dismiss and closing the case (DE # 35, 7/13/09). The Court found that the plaintiffs "failed to allege sufficient facts to confer Article III standing for two reasons." Order Granting Defendants' Motion to Dismiss and Closing Case, (DE # 35, 7/13/09 at p. 5). The first reason was that the Amended Complaint did not allege an "actual or imminent injury." The second reason was the failure to allege "unlawful" conduct by the defendants. The Court further found that Mr. Sim failed to assert facts sufficient to demonstrate that he has substantial limitations on life activities. Id, at p. 6. The Court concluded that "[t]he Amended Complaint is Plaintiffs' second attempt to plead a federal cause of action over which this Court can exercise jurisdiction." Id, at p. 8. The Order noted that for the second time, the plaintiffs failed "to assert a cognizable claim under Florida law." Id. The Court also found that for the reasons mentioned in the body of the Order, it was "clear that Plaintiffs cannot do either." Id.

The defendants filed the Defendants' Motion for Award of Attorney's Fees on July 23, 2009, (DE # 36, 7/23/09). The Motion requests $11,440.00 in attorney fees. The plaintiffs filed a response on October 9, 2009, (DE # 46, 10/9/09), and the defendants filed a reply on October 12, 2009 (DE # 47, 10/12/09).

## ANALYSIS

### I. ATTORNEY'S FEES

42 U.S.C. § 1988 expresses a clear intent to provide for the award of a reasonable attorney's fee to the prevailing party as part of taxable costs in a suit brought under any of the specified civil rights statutes. The statute states in pertinent part that:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . .

42 U.S.C. § 1988.

The Fair Housing Act at 42 U.S.C. § 3613 expressly provides for attorney's fees in the same language as 42 U.S.C. §1988. The undersigned finds that the analysis of entitlement to fees under 42 U.S.C. § 3613 should mirror that of the analysis under 42 U.S.C. § 1988. 42 U.S.C. § 3613(c)(2) provides in pertinent part:

> In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. Congress expressly conferred upon federal courts broad discretion when making a determination as to an award of fees.

42 U.S.C. § 3613(c)(2).

Although the language of the statute does not differentiate between a prevailing plaintiff and defendant, "the courts have determined that the standard for deciding a defendant's motion for attorney's fees is different from that used when a plaintiff has made the motion." Tufaro v. Willie, 756 F.Supp. 556, 558 (S.D. Fla. 1991). A prevailing defendant seeking fees must show that the plaintiff's claims were "frivolous, unreasonable or groundless or that the plaintiff continued to litigate after it clearly became so." Id. (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978)).

The Eleventh Circuit reaffirmed this standard and held that a district court may in its discretion award attorney's fees to a prevailing defendant only upon a finding that the plaintiff's lawsuit was frivolous, unreasonable or without foundation. Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1188-89 (11th Cir. 1985); see also, Popham v. City of Kennesaw, 820 F.2d 1570 (11th Cir. 1987). Further, the Eleventh Circuit determined that in deciding whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." The appellate court outlined three factors to consider in determining whether a claim is frivolous so as to warrant an award of attorney's fees to a defendant. First, the court should consider whether the plaintiff has established a prima facie case. The court must then determine whether the defendant offered to settle, and whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. However, the Eleventh Circuit cautioned that these factors are only general guidelines,

and that determinations regarding frivolity are to be made on a case by case basis. Sullivan, 773 F.2d at 1189.

Applying the above-mentioned criteria to the particular facts of this case, the undersigned finds that although the plaintiffs did not ultimately prevail, their claims against the defendants were not frivolous, groundless or without any foundation and do not warrant an award of attorney's fees to the defendants'.  The Court's Order granting dismissal of this action does not indicate that the plaintiffs action was frivolous or without merit.  The Order found that "[t]he Amended Complaint is Plaintiffs' second attempt to plead a federal cause of action over which this Court can exercise jurisdiction."  Order Granting Defendant's Motion to Dismiss and Closing Case, at p. 8. The Order noted that for the second time, the plaintiffs failed "to assert a cognizable claim under Florida law." Id.  The Court also found that for the reasons mentioned in the body of the Order, it was "clear that Plaintiffs cannot do either." Id.  While it is clear that the Court's decision to grant dismissal of this action was amply supported by the record, the undersigned finds that it cannot be said that an objective examiner would find plaintiffs' claim so patently devoid of merit as to be frivolous.

Although the Court ultimately found that the defendants were entitled to have the claims against them dismissed, the undersigned finds that this does not establish that plaintiffs' claims were completely groundless.  The Court did not state that the plaintiffs case was unreasonable, frivolous or groundless.  Therefore, the undersigned finds that, although it was clearly appropriate for this Court to grant the Motion to Dismiss in favor of the defendants, the defendants have failed to establish that plaintiffs' case was "so

5

patently devoid of merit" to be deemed frivolous.  The United States Supreme Court has stated that an award of fees to a defendant should not be routinely awarded simply because the defendant has succeeded, but only awarded where the action is found to be unreasonable, frivolous and meritless.  Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700 (1978).

To award attorney's fees to the defendants when the defendants have failed to clearly establish that the plaintiffs' claims were frivolous would undercut the clear Congressional intent to promote vigorous enforcement of these statutes.  Id. Therefore, the undersigned respectfully recommends that the defendants' request for attorney's fees be DENIED.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that the Defendant's Motion for Award of Attorney's Fees (DE # 36, 7/23/09) be DENIED.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia Seitz, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct.

397 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 21st day of January, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Patricia A. Seitz

All counsel and pro se parties of record

Sent by Chambers to:
Cheryl Wells and John Sim
825 SW 80th Ave.
Ocala, FL 34481