UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60024-CIV-SEITZ/O'SULLIVAN

CHERYL WELLS and JOHN SIM,

        Plaintiffs,

v.

WILLOW LAKE ESTATES, INC.,
CARL PEARSE, JEFF WINEGARDNER,
WEBBER, HINDEN, McLEAN &
ARBEITER and SHAWN ARBEITTER,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Magistrate Judge's Report and Recommendation [DE-51] which recommends denying Defendants' Motion for Award of Attorney's Fees [DE-36]. Defendants filed Objections to the Report and Recommendation [DE-56]. This case arises from a landlord-tenant dispute. Defendant Willow Lakes Estates, Inc. leases property to Plaintiffs and was attempting to evict Plaintiffs, in a state court proceeding, when Plaintiffs filed this suit, alleging claims under the Fair Housing Act and Florida state law. The Court ultimately dismissed Plaintiffs' Amended Complaint for failure to allege Article III standing and failure to plead cognizable claims under Florida law. Thereafter, Defendants filed their Motion for Award of Attorney's Fees, which Plaintiffs opposed [DE-36 & 46].

The Fair Housing Act permits a court to award attorney's fees to the prevailing party at the court's discretion. 42 U.S.C. § 3613. As Magistrate Judge O'Sullivan set out, a prevailing defendant seeking attorney's fees must show that a plaintiff's claims were "frivolous, unreasonable, or without foundation." *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985). In *Sullivan* the Eleventh Circuit set out three factors to consider when determining if a claim

is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* at 1189. The Magistrate Judge considered these factors and found that the Plaintiffs' Amended Complaint was not frivolous, groundless, or without any foundation and, thus, did not warrant an award of attorneys' fees to Defendants. In their objections, Defendants agree that the Magistrate Judge applied the correct standard but argue that he erred in his application of that standard.

Defendants assert that the first and third factors weigh in favor of finding the suit frivolous. As to the first factor, the Court dismissed the Plaintiffs' claims for lack of Plaintiffs' ability to plead Article III standing. As to the third factor, the Court dismissed the case with prejudice on an early motion to dismiss. Thus, Defendants assert that these factors weigh in favor of finding Plaintiffs' claims frivolous. As to the second factor, while there was no offer of settlement, Defendants point out that they were ready and willing to mediate the matter. Thus, Defendants assert that the Magistrate Judge incorrectly found that Plaintiffs' claims were not frivolous.

Determinations of frivolity are to be made on a case by case basis. *Tufaro v. Willie*, 756 F. Sipp. 556, 561 (S.D. Fla. 1991). Furthermore, in determining whether a suit is frivolous, a court should not focus on whether the claim was ultimately successful but on whether its was so lacking in arguable merits as to be groundless. *Sullivan*, 773 F.2d at 1189. While Plaintiffs' claims were not ultimately successful, the Court agrees with the Magistrate Judge that the claims were not frivolous. Additionally, Plaintiffs were proceeding *pro se*, which clearly hindered their ability to properly frame and plead their claims under the federal statutes asserted. Thus, the Court finds that an award of attorneys' fees is not warranted.

Accordingly, having carefully reviewed, *de novo*, Magistrate Judge O'Sullivan's Report and Recommendation, Defendants' Objections, and the record, it is hereby

ORDERED that:

(1) The above-mentioned Report and Recommendation [DE-51] is AFFIRMED and ADOPTED;

(2) Defendants' Objections to Report and Recommendation [DE-56] are OVERRULED; and

(3) Defendants Motion for Award of Attorneys' Fees [DE-36] is DENIED.

DONE AND ORDERED in Miami, Florida, this 16 day of February, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
Pro Se Parties